We think the record justifies a finding that the use of the ball of a ball point pen is as an antifriction ball, and that, in view of the language "for whatever use intended," such balls are within the scope of the provision for antifriction balls in paragraph 321, *supra.*

The only question remaining, therefore, is whether that provision is more specific in application than the provision for parts of fountain pens. Neither of the provisions exhibits any legislative intent that one should control over the other, such as might be the case had a "not specially provided for" clause or other words of limitation been added.

If, as we have held, the ball used in a ball point pen is an antifriction ball, that term becomes the name of a specific part of a fountain pen and, as applied to the merchandise at bar, would be a narrower description and, hence, more relatively specific than the general term "Fountain pens * * * and parts thereof."

In view of the foregoing disposition of the issue as to relative specificity of competing tariff terms, it becomes unnecessary to consider plaintiff's contentions that the involved balls are not parts of fountain pens.

Judgment will issue sustaining the protest claim under paragraph 321, as modified, accordingly.

**No. 61195.**—William H. Emig et al. *v.* United States, protests 104287–K, etc. (New York).

Opinion by WILSON, J. It was stipulated that the merchandise consists of platinum fox fur skins, undressed, similar in all material respects to those the subject of *United States* v. *O. Brager-Larsen* (36 C. C. P. A. 1, C. A. D. 388). The claim for free entry under paragraph 1681 was, therefore, sustained.

**No. 61196.**—Oscar Evnin, Inc., and W. J. Byrnes & Co. of N. Y., Inc., et al. *v.* United States, protests 109108–K, etc. (New York).

Opinion by WILSON, J. It was stipulated that the merchandise consists of platinum fox fur skins, undressed, similar in all material respects to those the subject of *United States* v. *O. Brager-Larsen* (36 C. C. P. A. 1, C. A. D. 388). The claim for free entry under paragraph 1681 was, therefore, sustained.

BEFORE THE SECOND DIVISION, SEPTEMBER 12, 1957

**No. 61197.**—Carson M. Simon & Co. *v.* United States, protests 237338–K and 237339–K (Philadelphia).

RAO, Judge: Several importations of jute twine, entered at the port of Philadelphia, were classified by the collector of customs within the provisions of paragraph 1003 of the Tariff Act of 1930, as jute twine, treated, and, accordingly, were assessed with duty at the rate of 3½ cents per pound and 2 cents per pound.

In the instant protests, which were consolidated for the purposes of trial, plaintiff alleges that said merchandise has not been bleached, dyed, or otherwise treated, within the contemplation of said paragraph 1003, and, hence, is not subject to the additional duty of 2 cents per pound therein provided. The propriety of the